Hala J. Gores, OSB #89048
hala@goreslaw.com
Hala J. Gores, P.C.
1332 SW Custer Drive
Portland, OR 97219
Tel: (503) 295-1940
Fax: (503) 295-2651
    Attorney for Plaintiff

Matthew Kaplan, OSB #98069
matthew@mdkaplanlaw.com
Matthew D. Kaplan, LLC
One SW Columbia Street, #1850
Portland, Oregon 97258
Tel: (503) 226-3844
Fax: (503) 229-1856
    Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
(Portland District)

| | |
|---|---|
| ALICE A. WHEELER, FIDUCIARY SUPPORT SERVICES, INC., PERSONAL REPRESENTATIVE OF THE ESTATE OF HOLLY JEAN CASEY,<br><br>        Plaintiff,<br>    v.<br><br>MULTNOMAH COUNTY, MAXIM HEALTHCARE SERVICES, INC., MAXIM HEALTH SYSTEMS, LLC, GLENDA J. BAXTER, MARK TESTORI, REBECCA WATTS JACOBS, CHRISTINE OLSON, SUSAN MILHOLLAND, JEFFREY CHUN, JACK DIAMOND, JOSHUA POMEROY, WENDY MUTH, TIMOTHY STROHMEYER and JOHN AND JANE DOES 1-14.<br>        Defendants. | Case No. 3:09-CV-1518-AC<br><br>FIRST AMENDED COMPLAINT<br>(Claims for Damages, Including Civil Rights Violations, Medical Negligence, Wrongful Death and other Common Law Claims)<br><br>JURY TRIAL REQUESTED |

Page 1 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

# FIRST AMENDED COMPLAINT

Plaintiff amends her Complaint for the purposes of redacting the name of a minor child and removing the minor child's date of birth only.

## INTRODUCTORY STATEMENT

1.

This civil rights action filed by Plaintiff, Alice A. Wheeler, Fiduciary Support Services, Inc., Personal Representative of the Estate of Holly Jean Casey, is brought under 42 U.S.C. §1983, alleging denial of medical care, personal safety and due process in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as well as medical negligence, wrongful death and other common law claims. Plaintiff seeks damages arising out of the tragic death of Holly Jean Casey which was caused by defendants. Casey was booked into Multnomah County Detention Center suffering from pneumonia and did not have a spleen. Throughout the night of January 3, 2008 and the morning of January 4, 2008, Holly Jean Casey's pleas for medical assistance, her cries for help, her screams that she couldn't breath and needed help, her numerous requests for assistance using the call light buzzer in her cell, and her banging on the cell door were met with hostility by some of the jail guards and medical staff and ignored by some of the jail guards and medical staff at Multnomah County Detention Center. Holly Jean Casey died an agonizing death in Jail Cell 8-D-12 on January 4, 2008. Plaintiff seeks awards of economic damages, non-economic damages, punitive damages, attorney fees, and litigation costs against all defendants.

///

///

Page 2 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

## JURISDICTION

2.

This court has jurisdiction over plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367, and 42 USC §§12133 and 12188.

## PARTIES

3.

Plaintiff Alice Wheeler, Fiduciary Support Services, Inc. is the duly appointed Personal Representative of the Estate of Holly Jean Casey. At the time of her death, Holly Jean Casey was 36 years old and the mother of B. S., a minor.

4.

At all material times herein, defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer, Jeffrey Chun, Jack Diamond and John and Jane Does 1-14 were corrections deputies with Multnomah County acting within the course and scope of their employment with Multnomah County. They are sued in their individual capacities only. The identity of John and Jane Does 1-14 are not now known but the complaint will be amended as discovery proceeds and their identities are made known.

5.

At all material times herein, defendants Rebecca Watts Jacobs, Christine Olson, Glenda J. Baxter, and Susan Milholland, were registered nurses licensed in the State of Oregon and acting within the course and scope of their employment with Multnomah County. They are sued in their individual capacities only.

///

Page 3 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

6.

Defendant Multnomah County is a public body responsible under state law for the acts and omissions of its employees and officials, including those whose conduct is at issue herein.

7.

At all times material herein, defendant Maxim Healthcare Services, Inc., was a foreign business corporation registered and doing business in Oregon providing correctional facility nursing services.

8.

At all times material herein, Defendant Maxim Health Systems LLC was a foreign Limited Liability Corporation registered and doing business in Oregon providing correctional facility nursing services.

9.

At all times material herein, Maxim Healthcare Services, Inc. and Maxim Health Systems LLC (both hereinafter "Maxim") through a contract with Multnomah County provided nursing services to Multnomah County Detention Center.

10.

At all material times herein, defendant Mark Testori, a registered nurse and employee of Maxim, was acting within the course and scope of his employment with Maxim.  Mark Testori is sued in his individual capacity and in his capacity as an employee of Maxim.

11.

Plaintiff provided timely notice of tort claim for all actions alleged herein caused by all defendants.

Page 4 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

**FACTUAL ALLEGATIONS**

12.

On January 3, 2008, at approximately 2:22 p.m., Holly Jean Casey was on her way to the emergency room to have her recurrence of pneumonia treated when she was arrested by Portland Police officers K. Adams and K. Sablan on a warrant for failure to appear on a charge of Theft in the Second Degree, a misdemeanor.  Although Holly Jean Casey was homeless and addicted to heroin, she informed officers Adams and Sablan that due to her recent illness with pneumonia which she believed had returned, she had been trying to stay indoors.  Officer Adams told Casey that at least in jail she would be warm and dry.  Officers Adams and Sablan noted that Casey did have a cough and coughed during the trip to jail.  Casey told the officers she had lupus and that she had her spleen surgically removed.  The spleen is part of the lymphatic system which fights infection and keeps body fluids in balance. It contains white blood cells that fight germs.  The spleen also helps control the amount of blood in the body, and destroys old and damaged cells.  Without a spleen, the body loses some of its ability to fight infections.

13.

The trip to Multnomah County Detention Center ("MCDC") took approximately 15 minutes.  Officers Adams and Sablan advised the jail staff that Casey told them she had pneumonia.  Officers Adams and Sablan heard Casey tell the jail staff she did not have a spleen and that she had lupus.  Casey was booked at MCDC at 2:46 p.m.

14.

At approximately 3:45 p.m., Casey was evaluated by defendant Rebecca Watts Jacobs, a nurse, who felt Casey was very sick.  Defendant Watts Jacobs gave Casey several cups of water

Page 5 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

to drink due to concerns about dehydration.  Casey told defendant Watts Jacobs "I had pneumonia a month ago.  I feel like it's going to come back.  I have a headache and I've been coughing."  Defendant Watts Jacobs noted on the Multnomah County Health Department Entry Progress Form ("EPF") that Casey was sick with a  history of recent pneumonia, had no spleen and had lupus.  Defendant Watts Jacobs knew that a spleen helps the body fight infections such as pneumonia.  In completing the EPF, defendant Watts Jacobs circled Casey's problems as "respiratory" and "drugs".  Defendant Watts Jacobs asked defendant Christine Olson, a nurse, to listen to Casey's lungs.  Both nurses failed to use a pulse oximeter to check Casey's oxygen saturation level even though a pulse oximeter was readily available.  Defendant Watts Jacobs cleared Casey for incarceration without housing restrictions.

15.

On January 3, 2008, at 5:08 p.m., Casey was locked up in cell number 12 on 8 D.  Soon thereafter, Casey submitted a signed Medical Request Form (MRF) on which she wrote she "I've got pneumonia for 3 days. Won't go away.  I have difficulty breathing. It hurts bad.  I have no energy.  I have lupus and no spleen.  Also hurts so bad to cough up the mucous that wants to come up."  The Medical Request Form was ignored by the jail guards and the nursing staff.

16.

Throughout the evening, Casey cried out, yelled and begged for medical help.  Casey pushed the call light in her cell for help.  Her pleas for medical assistance were ignored.  At approximately 10:25 p.m., defendant Joshua Pomeroy, the corrections officer in charge on Casey's cell block, went on break and switched control of the floor to corrections deputy defendant Timothy Strohmeyer.  Immediately thereafter, defendant Strohmeyer noticed Casey's

Page 6 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

call light for help. Defendant Strohmeyer used his intercom and asked Casey what was wrong. Casey responded that she had chest pain and difficulty breathing. Defendant Strohmeyer sent defendant Wendy Muth, the 8th floor escort deputy, to check on Casey in her cell. Defendant Muth found Casey on the floor and yelled at her several times to get off the floor or she would not open the door. Casey complied and told defendant Muth that she was having difficulty breathing and had stomach pain. Defendant Muth used her radio to contact defendant Pomeroy to return to module 8D to attend to an inmate that needed to be seen. When defendant Pomeroy returned to 8D, Casey told him "It's hard for me to breathe." Defendant Pomeroy called for a nurse.

17.

Defendant Mark Testori, a registered nurse, said a corrections deputy told him Casey had some chest tightness and difficulty breathing. Defendant Testori arrived at 8-D-12 at approximately 10:51 p.m. Defendant Pomeroy allowed Casey out of Cell 12 to be evaluated by defendant Testori at the front desk. Casey told defendant Testori that she was having trouble breathing and that she recently had pneumonia. Casey told defendant Testori she had a splenectomy and had lupus. Defendant Testori took Casey's vitals and noted that Casey's heart rate was rapid, her breathing was fast and she was using her accessory muscles to facilitate breathing. Defendant Testori listened to Casey's lungs and found she was suffering from diffused wheezes on both sides. Defendant Testori wrongly believed that a spleen is a useless part of the body. In an interview with Detective Jay Pentheny, defendant Testori said "Well a spleen doesn't do much, that's why you can do, you can live okay without it." Defendant Testori called defendant Susan Milholland, lead nurse, and informed her that Casey was complaining of

Page 7 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

difficulty breathing and shortness of breath.  Defendant Milholland said she wrongly assumed defendant Testori had taken a pulse oximeter with him to complete Casey's evaluation. Defendant Testori diagnosed Casey with asthma and defendant Milholland brought an Albuterol inhaler without a doctor's prescription.  Defendant Milholland observed Casey using her accessory muscles in an attempt to help facilitate breathing but did not use a pulse oximeter to assess Casey's oxygen saturation levels.  Defendant Milholland and defendant Testori instructed Casey to use several puffs of the Albuterol which seemed to improve her respiratory distress. Defendant Testori instructed Casey to ask the guards for help if her condition worsened. Defendant Pomeroy heard the word "pneumonia" used when defendant Testori was evaluating Casey and he heard Casey say she was on her way to the hospital before she was arrested.

18.

Before finishing his shift, defendant Testori spoke with his replacement, defendant Glenda J. Baxter, who at that time was a registered nurse, about Casey.  Defendant Testori also dictated an audio tape for defendant Baxter which informed defendant Baxter that Testori's examination found Casey was tachycardic (fast heart rate) with a heart rate in the 120's and tachypnic (fast, deep breathing) with respiration in the high 20's low 30's.  She had some expiratory wheezes bilaterally, she was very tight, and she wasn't moving a lot of air.  Defendant Testori continued that "She does have a recent history of pneumonia, I'm guessing she probably didn't even, umm, finish her antibiotics for that."  Defendant Testori finished by saying "Just keep an eye on her, that's Holly Casey on 8-Delta."  Neither defendant Testori nor defendant Baxter reviewed the Entry Progress Form completed by defendant Watts Jacobs or the Medical Request Form completed by Holly Jean Casey.

Page 8 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

19.

Casey's condition worsened and for several hours starting the night of January 3, 2008 and continuing through the morning of January 4, 2008. Casey begged for help yelling, "I can't breath, I can't breath, please help me." For several hours she hit the call light buzzer and she banged on the jail cell door crying for help. In response, deputies yelled at Casey to shut up. A female deputy yelled at Casey to get off the floor. Defendant Jeffrey Chun, a deputy, was observed walking to his desk and turning off the buzzer without checking on Casey who was begging for help and saying she couldn't breath.

20.

For hours, at least twenty inmates in Module 8 heard Casey's frantic cries and screams for help as the jail guards and medical staff ignored Casey's attempts to obtain medical assistance. Many inmates heard Casey yelling, "help me, help me, I can't breath." Many inmates heard Casey repeatedly pushing the call button in her cell for hours. Many inmates heard the sound of the buzzer for hours which was ignored by the guards. At least two inmates pushed their own call buttons to summon help for Casey. They were ignored.

21.

Pursuant to Multnomah County Sheriff's Office policy, corrections deputies are required to perform and log security and welfare checks of each inmate every 30 minutes. These required checks were not performed by defendant Chun and other deputies.

22.

Defendant registered nurse Glenda Baxter was on 8 Delta at approximately 1:00 a.m. and 5:00 a.m. but refused to check on Casey. At approximately 5:00 a.m., defendant Chun, after

Page 9 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

hours of hearing Casey's screams for help, and hours of hearing the "ding, ding, ding" sound of the call light/buzzer, and Casey's pounding on the door, finally called the medical nurse but received no answer. He also used the medical system intercom and received no answer. Defendant Chun waited until after 5:00 a.m. when defendant Glenda Baxter arrived at module 8. He told defendant Baxter that Casey was complaining about breathing problems and stomach problems. Defendant Chun asked defendant Baxter twice if she would look at Casey. Defendant Baxter refused to contact or treat Casey.

23.

Defendant Chun was off duty at approximately 7:30 a.m. and was relieved by Deputy Leo Irvan. As Deputy Irvan did his first safety and welfare check of the morning at 7:32 a.m., he saw Holly Jean Casey on the floor in a semi-fetal position, in her underwear and a T-shirt which, according to Deputy Irvan was out of the ordinary. Deputy Irvan removed inmate Laurie Tucker from her cell and asked her to check on Casey. Tucker informed Irvan that Casey was cold to the touch, not breathing and was blue. Irvan called for a medical back-up. Defendant Glenda Baxter was on the 4th floor medical unit when she heard Irvan's call for medical back-up but she didn't respond because she felt that the day shift nurses were there and could respond. The medical back-up team found Casey blue, cold, unresponsive and without a pulse. Holly Jean Casey was dead.

24.

Deputy Medical Examiner Damon O'Brien arrived at cell 8-D-12 at 9:21 a.m. He observed Casey "... in a fetal type position. The body is in full rigor. Lividity is located on the left side and is blanching to pressure with immediate refill. Her face and neck markedly flushed.

Page 10 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

There is a clear foamy liquid mixed with what appears to be mucus emanating from her mouth and nose." O'Brien transported Casey to the Medical Examiner. At approximately 1:35 p.m., on January 4, 2008, the medical examiner, Dr. Karen Gunson performed Casey's autopsy and described Casey as very warm as she entered her chest cavity. Dr. Gunson estimated Casey's body temperature as between 80 and 85 degrees which was indicative of a fever prior to death. Upon removing Casey's lungs, Dr. Gunson stated Casey had lobar pneumonia. Dr. Gunson said the other pronounced section of the lung appeared to be very wet and slimy. Dr. Gunson opined that the lobar pneumonia appeared to be untreated and very distinct. Dr. Gunson determined Casey's cause of death as lobar pneumonia with a contributing factor of not having a spleen.

25.

As a result of defendants' conduct described above which resulted in Casey's wrongful death, Casey suffered pain, suffering and emotional distress prior to her death, and subsequent loss of society and companionship to the beneficiaries of her Estate, all to their non-economic loss of $1,000,000.

26.

The above-described conduct of defendants was also the substantial and direct cause of the Estate incurring economic damages for funeral expenses in an amount to be determined at trial.

27.

Defendants acted with a conscious disregard for Casey's right to life. In addition, or in the alternative, defendants' conduct was wanton, reckless, and in disregard of Casey's well-established constitutional rights.

Page 11 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

28.

As a further result of the above conduct by defendants which was so unreasonable and so arbitrary that it shocks the conscience, Casey's heirs have suffered and continue to suffer stress, anxiety, mental trauma, pain and suffering.

## FIRST CLAIM FOR RELIEF: Eighth Amendment

### (Unreasonable Denial of Medical Care and Treatment)

29.

As applicable, plaintiff incorporates the above.

30.

Casey as a prisoner is entitled to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution. The prohibitions against cruel and unusual punishment apply to jail conditions and specifically medical care.

31.

The acts and omissions of all defendants, subjected Casey to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution, by amounting to deliberate indifference to Casey's serious medical needs and personal safety. Defendants violated the requirements of the Eighth Amendment in the provision of medical care by causing undue delay and denial of medically necessary treatment for the lobar pneumonia especially in light of Casey's lack of spleen.

32.

Defendants were deliberately indifferent and unduly delayed and denied medical treatment in one of more of the following particulars:

Page 12 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

a. By failing to respond to Casey's repeated pleas for medical assistance;

b. By failing to properly evaluate Casey's illness;

c. By failing to properly treat Casey's illness;

d. By failing to adequately monitor Casey's illness;

e. By failing to provide adequate ongoing evaluation when Casey's symptoms continued to worsen;

f. By failing to house Casey in a medically safe environment;

g. By failing to consult with the on-call physician regarding Casey's deteriorating condition;

h. By failing to review Casey's Entrance Progress Form and Medical Request Form; and

i. By failing to transport Casey to a hospital when her deterioration became obvious.

## SECOND CLAIM FOR RELIEF

### (Unreasonable/Arbitrary Conduct that Shocks the Conscience)

33.

As applicable, plaintiff incorporates the above.

34.

As described above, defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond, John and Jane Does 1-14, and nurse Glenda J. Baxter violated Casey's Fourteenth Amendment rights because their conduct was unreasonable and/or so arbitrary that it shocks the conscience.

///

Page 13 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

35.

As described above and at least in part, one or more of Multnomah County's policies, well-established official practices, and/or acts caused, or otherwise make them liable for, the violation of plaintiff's Fourteenth Amendment rights.

36.

The ratification of the conduct of their employees described above makes Multnomah County liable for the violation of the Fourteenth Amendment described in this claim.

37.

Prior to Casey's wrongful death, there have been multiple deaths at Multnomah County detention facilities related to improper inmate management and substandard healthcare practices and services within the Multnomah County corrections system.

38.

As a result of the above, plaintiff is entitled to an award of non-economic damages against defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond, John and Jane Does 1-14, Glenda J. Baxter, and Multnomah County, in amounts to be determined at trial.

39.

As a result of the above, plaintiff is entitled to an award of punitive damages against defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond, John and Jane Does 1-14, Glenda J. Baxter, and Multnomah County in amounts to be determined at trial.

///

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

40.

Pursuant to 42 USC § 1988, plaintiff should be awarded attorney fees and litigation expenses/costs against all defendants named in this claim.

### THIRD CLAIM FOR RELIEF

### (Medical Negligence)

41.

As applicable, plaintiff incorporates the above.

42.

As described above, defendants Maxim, Multnomah County, Glenda J. Baxter, Mark Testori, Rebecca Watts Jacobs, Christine Olson, Susan Milholland were negligent in one or more of the following particulars:

- a. By failing to properly evaluate Casey's illness;
- b. By failing to properly treat Casey's illness;
- c. By failing to adequately monitor Casey's illness;
- d. By failing to provide adequate ongoing evaluation when Casey's symptoms continued to worsen;
- e. By failing to house Casey in a medically safe environment;
- f. By failing to consult with the on-call physician regarding Casey's deteriorating condition;
- g. By dispensing Albuterol to Casey without a doctor's authorization;
- h. By failing to review Casey's Entry Progress Form and Medical Request From; and
- i. By failing to transport Casey to a hospital when her deterioration became obvious.

Page 15 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

## FOURTH CLAIM FOR RELIEF

## (Section 1983 – Fourteenth Amendment Violation –

## Deprivation of Equal Protection Rights)

43.

As applicable, plaintiff incorporates the above.

44.

As described above, defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond, John and Jane Does 1-14, and Glenda J. Baxter, Mark Testori, and Susan Milholland violated Casey's Fourteenth Amendment rights because they discriminated against or caused the discrimination against her on the basis that she was addicted to drugs or perceived to be addicted to drugs in violation of the Fourteenth Amendment.

45.

As described above and at least in part, one or more of Multnomah County's, and their officials' policies, and well-established official practices, and/or acts caused, or otherwise make them liable for, the violation of Casey's Fourteenth Amendment rights.

46.

The ratification of the conduct of their employees described above makes Multnomah County and Maxim liable for the violation of the Fourteenth Amendment described in this claim.

47.

As a result of the above, plaintiff is entitled to an award of economic and non-economic damages against defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond and John and Jane Does 1-14, Glenda J. Baxter, Mark Testori, Susan Milhollandm

Page 16 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

Multnomah County and Maxim in amounts to be determined at trial.

48.

As a result of the above, plaintiff is entitled to an award of punitive damages against defendants, in amounts to be determined at trial.

49.

Pursuant to 42 USC §1988, plaintiff should be awarded attorney fees and litigation expenses/costs against all defendants named in this claim.

## FIFTH CLAIM FOR RELIEF

### (Sections 1985(3) and 1986 – Fourteenth Amendment Violation –

### Deprivation of Equal Protection Rights Based on Casey's Drug Addiction

50.

As applicable, plaintiff incorporates the above.

51.

Pursuant to 42 USC §1985(3), plaintiff alleges that defendants Joshua Pomeroy, Wendy Muth, Timothy Strohmeyer Jeffrey Chun, Jack Diamond and John and Jane Does 1-14, Glenda J. Baxter, Mark Testori, and Susan Milholland acted together and with others to deprive Casey of her Fourteenth Amendment equal protection rights because of her known or perceived drug addiction, which actions were a cause of her injuries, pain, suffering, and tortured death. Additionally, pursuant to 42 USC §1986, one or more of these defendants neglected or refused to prevent the deprivation of Casey's rights as described herein.

52.

As a result of the above, plaintiff is entitled to an award of economic and non-economic

Page 17 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

damages against defendants in amounts to be determined at trial.

53.

As a result of the above, plaintiff is entitled to an award of punitive damages against defendants in amounts to be determined at trial.

54.

Pursuant to 42 USC §1988, plaintiff should be awarded attorney fees and litigation expenses/costs against all defendants named in this claim.

## SIXTH CLAIM FOR RELIEF

**(Intentional Infliction of Severe Emotional Distress - State Law Claim)**

55.

As applicable, plaintiff incorporates the above.

56.

As described above, the employees of Multnomah County intentionally inflicted severe emotional distress on Casey while she was still alive.

57.

As a result of the above, plaintiff is entitled to an award of economic and non-economic damages against Defendants Multnomah County in amounts to be determined at trial.

58.

Plaintiff should be awarded costs, including expert witness fees, against defendant Multnomah County.

///

///

Page 18 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Death - State Law Claim)

59.

As applicable, plaintiff incorporates the above.

60.

In one or more of the ways described above, defendants Multnomah County and Maxim were negligent. Those defendants are responsible for their negligence, the negligence of their employees, and other tortious conduct which caused the wrongful death of Casey.

61.

As a result of the above, plaintiff is entitled to an award of economic and non-economic damages against defendants Multnomah County and Maxim in amounts to be determined at trial.

62.

Plaintiff should be awarded costs, including expert witness fees, against defendants Multnomah County and Maxim.

**WHEREFORE**, plaintiff prays for relief from the Court as follows:

1. Assume jurisdiction in this matter over plaintiff's claims;

2. Award plaintiff her economic damages against defendants in amounts to be determined at trial in accordance with the allegations and claims set forth above;

3. Award plaintiff her non-economic damages for pain, suffering, emotional distress and loss of society and companionship in the sum of $1,000,000.

4. Award punitive damages to plaintiff against defendants in amounts to be determined at trial in accordance with the allegations and claims set forth above;

Page 19 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651

5. Award plaintiff attorney fees and litigation expenses/costs against defendants in accordance with the allegations and claims set forth above;

6. Enter all appropriate injunctive relief which may be sought; and

7. Grant such other relief as may be just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED this 31st day of December, 2009.

        HALA J. GORES, P.C.


        /s/ Hala J. Gores
        Hala J. Gores, OSB No. 89048
        (503) 295-1940
        Attorney for Plaintiff

Page 20 - FIRST AMENDED COMPLAINT

Hala J. Gores, P.C.
Attorney at Law
The Gores Building
1332 SW Custer Drive
Portland, OR 97219
(503) 295-1940 Facsimile (503) 295-2651