AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Susan M. Dunaway, OSB No. 970506
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Internet email Addresses: susan.m.dunaway@co.multnomah.or.us
    Of Attorneys for Defendants Multnomah County, Rebecca Watts Jacobs, Christine
    Olson, Susan Milholland, Jeffrey Chun, Jack Diamond, Joshua Pomeroy, Wendy Muth,
    and Timothy Strohmeyer

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALICE A. WHEELER, FIDUCIARY SUPPORT SERVICES, INC., PERSONAL REPRESENTATIVE OF THE ESTATE OF HOLLY JEAN CASEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MULTNOMAH COUNTY, MAXIM HEALTHCARE SERVICES, INC., MAXIM HEALTH SYSTERMS, LLC, GLENDA J. BAXTER, MARK TESTORI, REBECCA WATTS JACOBS, CHRISTINE OLSON, SUSAN MILHOLLAND, JEFFREY CHUN, JACK DIAMOND, JOSHUA POMEROY, WENDY MUTH, TIMOTHY STROHMEYER AND JOHN AND JANE DOES 1-14,<br><br>    Defendants. | Civil No. 09-CV-1518-AC<br><br>**STIPULATED PROTECTIVE ORDER** |

/// /// ///

Page 1 – STIPULATED PROTECTIVE ORDER

ACOSTA, Magistrate Judge:

Multnomah County and the individually named Multnomah County defendants, Rebecca Watts Jacobs, Christine Olson, Susan Milholland, Jeffrey Chun, Jack Diamond, Joshua Pomeroy, Wendy Muth, and Timothy Strohmeyer, have requested a Stipulated Protective Order. Plaintiff does not oppose. Therefore, I order that certain documents produced by Multnomah County defendants in response to plaintiffs' discovery requests, be subject to this Stipulated Protective Order.

The protected documents are:

(1) All peer review/root cause analysis reports and supporting documents;

(2) All quality assurance reports, minutes and supporting documents;

(3) All employee FMLA records;

These materials will be produced throughout the pendency of this litigation pursuant to the following conditions:

(1) All documents and the information contained therein shall be disclosed only to plaintiffs and counsel of record, or to individuals employed by or assisting such counsel in preparation for, or at, a hearing in or at the trial of the action.

(2) Plaintiffs' counsel shall be allowed to challenge the redaction or withholding of responsive documents.

(3) All documents and information produced pursuant to the Stipulated Protective Order shall be used only in connection with this litigation and the preparation for and trial of this case or any related appellate proceeding, and not for other purposes, including any other litigation.

/// /// ///

Page 2 – STIPULATED PROTECTIVE ORDER

(4) All records subject to the Stipulated Protective Order will be produced on blue colored paper with the documents stamped "confidential" and "produced under protective order" and any videotapes or audiotapes produced will have a blue highlighted label.

(5) Any person to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Stipulated Protective Order, such person may not divulge any such documents and information shall be used only for the purpose of prosecuting this action; counsel making the disclosure shall require each such person to read and sign the "Disclosure Statement for Confidential Material, attached as "Exhibit 1" to this Stipulated Protective Order.

(6) To the extent plaintiff's attorneys ask questions in any depositions which relate to any confidential information produced pursuant to this Stipulated Protective Order, all such portions of those depositions shall be sealed by the court reporter; sealed portions of depositions shall be available only to those entitled to review the documents subject to this Stipulated Protective Order.

(7) Any documents to which the producing party asserts a claim of attorney-client or work product privilege must be identified in a privilege log at the same time other documents are produced.

(8) Six months after the final conclusion of this action, including all appeals, all protected documents and records provided pursuant to discovery requests, or provided pursuant to subpoena by any party, will be destroyed or returned to the covered entity that produced the protected documents. The return or destruction of the protected documents is required by plaintiff's attorneys, or those aiding the parties in the preparation of the case, including expert witnesses.

Page 3 – STIPULATED PROTECTIVE ORDER

(9) Six months after the final conclusion of this action, plaintiff's counsel will send to County defendants' counsel, a letter containing a truthful assurance that all documents, copies or reproductions of protected documents or written material recording the information contained in such protected documents are being returned to the office of the counsel for the party producing the documents or the documents have been destroyed.

(10) This Stipulated Protective Order shall remain in effect until agreed otherwise by written stipulation signed by all counsel for all parties hereto and filed herein or until modified or terminated by order of this Court upon good cause being shown.

(11) In the event that Plaintiff believes that any of the protected documents, or the information contained therein, or any sealed portion of a deposition, needs to be included with, or the contents thereof in any way disclosed in, any pleading, motion or other paper filed herein, such confidential documents or information, or sealed portion of a deposition, shall be exchanged by the parties prior to filing any document with the Court. If the Defendants believe that any such confidential documents or information, or sealed portion of a deposition, needs to be filed under seal, the matter will be brought to the attention of the Court, so it can be resolved before any such document or information or sealed portion of a deposition is filed. The Stipulated Protective Order shall not affect the admissibility of any document or information covered herein.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

Page 4 – STIPULATED PROTECTIVE ORDER

(12) To the extent any information protected by this Stipulated Protective Order is offered and received as an exhibit at trial, the presumption is that the information will be public at the time of trial, unless one of the parties seeks and obtains a specific order from the Court limiting the disclosure of such document.

IT IS SO ORDERED.

Dated this 3rd day of August, 2010.

John V. Acosta
United States Magistrate Judge

SUBMITTED BY:

Susan M. Dunaway
Assistant County Attorney
Attorney for Multnomah County Defendants

Page 5 – STIPULATED PROTECTIVE ORDER

## DISCLOSURE STATEMENT FOR CONFIDENTIAL MATERIAL

I, _____, of _____,
located at _____, hereby agree
to be bound by the terms and conditions of the Stipulated Protective Order dated
_____, in the action entitled *Wheeler v. Multnomah County, et al*, USDC Civil No. 09-1518 AC. I have reviewed the Stipulated Protective Order and am familiar with its contents.

I have received material represented to me to constitute confidential material in the aforesaid action. I will only make such copies or notes as are essential to enable me to render the assistance required in connection with this litigation. I will not reveal the contents of the confidential material to any unauthorized person. I will not use confidential material for business or competitive purposes, nor for any purpose other than the prosecution of defense of this action.

When I am advised by counsel that this action has been finally concluded, I will return copies of any confidential information in my possession; along with any notes I have taken regarding this information, within 30 days to the attorney from whom I received this information.

I declare under penalty and perjury under the laws of the State of Oregon that the foregoing is true and correct and that I executed this document on _____, at _____ am/ pm.

_____
(Signature)

EXHIBIT 1 TO STIPULATED PROTECTIVE ORDER

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138